UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

DANIELLE PACE                              CIVIL ACTION NO. 06-cv-1041

VERSUS                                     JUDGE HICKS

STEVE PRATOR, ET AL                        MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

Danielle Pace ("Plaintiff") filed this civil rights action against Sheriff Steve Prator and several other defendants. Plaintiff was originally represented by attorneys Walker and Weir, but they withdrew from representation. Attorney Franklin then enrolled for Plaintiff, but he also withdrew from representation.

The court then issued an order that Plaintiff enroll new counsel or file a notice of intent to represent herself by March 31, 2008. Plaintiff was warned that failure to take one of those steps would result in the dismissal of her case for failure to prosecute. The court mailed a copy of the order to Plaintiff at the address provided by her last counsel. That address was a treatment center. Plaintiff was apparently no longer at the center by the time the mail arrived, and the order was returned.

The court then learned that Plaintiff had been arrested and was incarcerated at the Caddo Correctional Center. Another order was immediately generated and mailed to Plaintiff at the jail. That second order advised Plaintiff that she must (1) enroll new counsel to represent her or (2) file a notice of intent to represent herself by April 25, 2008. That

deadline permitted Plaintiff almost a month to satisfy one of those steps.  Plaintiff was warned that failure to comply with the order could result in the dismissal of her case, without further notice, for failure to prosecute.  Chambers staff mailed a copy of the order to Plaintiff at the jail, and that letter was not returned, which indicates that Plaintiff did receive a copy of the order.  A second copy of the order was sent by the automated noticing system to the prior address.  That mail was returned, but it is of no moment.

The April 25, 2008 deadline has passed.  Plaintiff has not enrolled new counsel, and she has not bothered to take even the simple step of filing a written notice of her intent to represent herself in this case.  The court may not proceed with the litigation of a civil rights case without some participation from the Plaintiff.  Under these circumstances, the best exercise of the court's discretion is to dismiss Plaintiff's complaint without prejudice for failure to prosecute.

The court has made inquiry and been advised by Plaintiff's most recent former attorney that Plaintiff is currently residing with a relative at 304 Split Oak Drive; Shreveport, LA 71106, and that her telephone number is 318-797-4344.  The **Clerk of Court** is directed to enter this new address information on the docket sheet, ensure that a copy of this report and recommendation is mailed to Plaintiff at that new address, and enter on the docket confirmation of that mailing.  Plaintiff, should she choose to object to this recommendation, is advised that she must immediately advise the court of any change in address.

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's complaint be **dismissed without prejudice** for failure to prosecute.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 30th day of April, 2008.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE